**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM McGURGAN,**

          **Petitioner,**

**v.**                            **CIVIL ACTION NO. 1:16cv111**
                                        **(Judge Keeley)**

**WARDEN,**

          **Respondent.**

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

## I.  Introduction

On June 10, 2016, William McGurgan, aka William Jones [hereinafter referred to as Petitioner], a state prisoner, filed a letter with the Court which was docketed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On that same date, Petitioner was sent a Notice of Deficient Pleading.  On July 15, 2016, Petitioner filed his § 2254 petition on this Court's approved form [ECF No. 6] as well as an Application to proceed without prepayment of fees ("IFP"). ECF No. 7.  On July 19, 2016, Petitioner paid the $5.00 filing fee [ECF No. 8] and also filed his Prisoner Trust Account Report with ledger sheets. ECF No. 10. On July 20, 2016, an Order was entered denying Petitioner's IFP Motion as moot. ECF No. 11. This matter is now pending on initial review pursuant to LR PL 2.

## II. Factual Background

Petitioner was convicted of Threats to Kidnap or Demand Ransom in the Circuit Court of Morgan County, West Virginia, and was subsequently sentenced to life as a

habitual criminal. ECF No. 6-2. On April 28, 2014, Petitioner was granted a release on

parole. Id. On April 29, 2015, Petitioner was charged with a violation of parole and

detained in the Western Regional Jail, which is located in Cabell County. On February 2,

2016, the Parole Board entered an Order of Revocation of Parole after finding him guilty of

violating the conditions of his release on parole and the Rules and Regulations made for

his supervision in the following ways:

> 1. You did violate Rule e of the Rules and Regulations governing
> your release on parole in that on or about April 22, 2015, you did
> manifest behavior which did result with you being charged with Injuring
> or Tampering with Vehicle or Special Mobile Equipment and Petty
> Larceny by the Cabell County Sheriff's Department as contained in
> Cabell County Magistrate Court Case Number 15-M06 M-02098.

> 2. You did violate Rule e of the Rules and Regulations governing
> your release on parole in that on or about April 15, 2015, you did
> manifest behavior which did result with you being charged with Pettit
> Larceny by the VA Medical Center Police Department as contained in
> Cabell Co. Magistrate Court Case No. 15-M06 M-02542.

ECF No. 6-2.

On November 2, 2015, Petitioner presented the West Virginia Supreme Court of

Appeals ("WVSCA") with a petition praying for a writ of habeas corpus ad subjiciendum to

be directed against Larry Crawford, Administrator, Western Regional Jail and the West

Virginia Parole Board, Respondents. On January 4, 2016, the West Virginia Parole Board

filed its summary response. The petition was then dismissed on June 6, 2016, as

prematurely filed. ECF No. 6-3 at 7.

On December 18, 2015, Petitioner filed another petition for writ of habeas corpus

with the West Virginia Supreme Court of Appeals. Because the issued raised in that

habeas petition were currently pending in the Circuit Court of Cabell County following

transfer from the Circuit Court of Morgan County, no new case was docketed on Petitioner's behalf.[1] ECF No. 6-3 at 1.

On December 21, 2015, after his detention but prior to his parole being revoked, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Morgan County. On December 30, 2015, the Petition was transferred to the Circuit Court of Cabell County, which has jurisdiction over the Western Regional Jail. ECF No. 6-3 at 2.

## III. Petitioner's Federal Habeas Corpus Claim

The petition is less than a model of clarity, but it appears that Petitioner is alleging that he is being falsely imprisoned as the result of his parole being revoked. He specifically alleges that he was unlawfully transported and housed at Salem Correctional Center until November 17, 2015, despite the fact that he did not have any new criminal convictions in Cabell County and his parole has not yet been revoked. In addition Petitioner alleges that his counsel was ineffective in his representation at the parole revocation hearing. For relief, Petitioner seeks "dismissal of the conviction dated 1991, from Morgan County, or reinstated on parole with all prison time credit to [his] parole time." ECF No. 6 at 13.

## IV. <u>Analysis</u>

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. <u>See</u> <u>Beard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907. 911 (4th Cir. 1997). It is well settled that filing petitions for extraordinary writs before the Supreme Court of Appeals of West Virginia will

---

[1] The letter informing Petitioner that his petition would not be docketed was dated February 2, 2016, and referenced the habeas petition that was filed in Morgan County on December 21, 2015, and transferred to the Circuit Court of Cabell County. ECF No. 6-3 at 1.

not satisfy exhaustion. <u>McDaniel v. Holland</u>, 631 F.Supp. 1544 (S.D.W.Va. 1986). In

<u>McDaniel</u>, a state prisoner sought a writ of habeas corpus and argued that a petition filed

under the Supreme Court of Appeals of West Virginia's original jurisdiction met the

exhaustion requirement.  However, the Court held that because the refusal to issue a rule

to show cause was not a dismissal with prejudice, it did not meet the exhaustion

requirement. <u>McDaniel</u> at 1545-46.  In reaching this decision, Judge Haden wrote:

> The seminal case in the Fourth Circuit which determines what is required to
> exhaust one's remedies in West Virginia is <u>Leftwich v. Coiner</u>, 424 F.2d 157
> (4th Cir. 1970). In that case, the Fourth Circuit considered appropriate
> exhaustion under the 1967 West Virginia Habeas Corpus Act to being merely
> filing a petition for writ of habeas corpus with the state court and suffering the
> denial thereof.  The <u>Leftwich</u> court went on to say:
>
> 'Of course, if the Supreme Court of Appeals orders the writ returnable to a court
> of record, or if it dismisses the petition without prejudice to the petitioner's
> application for relief in a court of record, the federal courts should decline the
> petition until the prisoner has pursued this state remedies the Supreme Court of
> Appeals has made available to him.'
>
> Rule 14 of the West Virginia Rules of Appellate Procedure covers petitions
> for rules to show cause which is part and parcel of the procedure of obtaining
> a writ for habeas corpus. Rule 14(b) states:
>
> 'If the [West Virginia Supreme Court] determined not to grant a rule to show
> cause, such determination shall be without prejudice to the right of the petitioner
> to present a petition to a lower court having proper jurisdiction, unless the court
> specifically noted on the order denying a rule to show cause that the denial is with
> prejudice.'

<u>McDaniel</u> at 1545-56 (internal citations omitted).

As previously noted, Petitioner did file two habeas petitions with the WVSCA.

However, one was not opened because it raised the same issues that were pending in the

Circuit Court of Cabell County. ECF No. 6-3 at 1. The other was dismissed as prematurely

filed. ECF No. 6-3 at 7.

The Order issued by the West Virginia Supreme Court of Appeals in the habeas

which was docketed simply states that the petition is dismissed because it was

prematurely filed. There being no denial with prejudice, Petitioner was permitted to pursue

further relief before an appropriate West Virginia Circuit Court.

In fact, upon inquiry, the Court has been advised by the Circuit Court of Cabell

County that three habeas petitions were filed by Petitioner. Each was dismissed on August

15, 2016.  Two of the petitions were originally filed in the Circuit Court of Morgan County.

In one of the transferred cases, Petitioner alleges that his counsel on the parole revocation

was ineffective for allowing the parole board to use dismissed cases as the basis of the

revocation petition. In dismissing this habeas, the Circuit Court found that counsel had no

control over the actions of the parole board, or their rules and regulations, which permits a

revocation to be filed in criminal cases that were ultimately dismissed. In the habeas filed

directly with the Circuit Court of Cabell County, Petitioner alleges that he was falsely

imprisoned when he was transported to the Salem Correctional Center while being held on

a parole revocation petition. In dismissing that habeas, the Circuit Court found that it did

not have jurisdiction to review the decision of the West Virginia Parole Board as to whether

to file revocation petitions, nor the West Virginia Division of Corrections which was

responsible for the decision to transfer Petitioner to Salem for four days in November

2015.

Accordingly, although Petitioner appears to allege that he has exhausted his state

remedies with regard to the allegations in his federal habeas, the history cited above

establishes otherwise.  Even if the Court were to determine that Petitioner has raised all of

his claims via the three habeas petitions denied by the Circuit Court of Cabell County, the

Clerk of the WVSCA has verified that Petitioner has yet to file a Notice of Appeal from any

of those habeas cases. Thus it is apparent that Petitioner has failed to exhaust state

remedies, and that, as a consequence, his petition must be dismissed.  Rose v. Lundy,

455 U.S. 509, 515-516 (1982).

**V. Recommendation**

Based on the foregoing, it is recommended that the petition be **DISMISSED**

**WITHOUT  PREJUDICE** to Petitioner's right to renew the same following exhaustion of

state remedies.

Within fourteen (14) days after being served with a copy of this Recommendation,

any party may file with the Clerk of Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections.  A copy

of such objections should also be submitted to The Honorable Irene M. Keeley,

United States District Judge.  Failure to timely file objections to the Recommendation set

forth above will result in waiver of the right to appeal from a judgement of this Court based

upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Recommendation to

Petitioner by certified mail, return receipt requested, to his last known address as

reflected on the docket sheet and to counsel of record by electronic means.


Dated: September 30, 2016.



/s Robert W. Trumble
**ROBERT W. TRUMBLE**
**UNITED STATES MAGISTRATE JUDGE**